## R. S. JAMES CONSTRUCTION CO. et al. v. AYLOR et al.

No. 25950. March 19, 1935.

John Butler, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

BAYLESS, J. This is an original proceeding in this court by the R. S. James Construction Company, hereinafter called petitioner, and its insurance carrier, Employers' Liability Assurance Corporation, to review an award of the Industrial Commission, awarding compensation to Ben Aylor, one of petitioner's employees, who is hereinafter called claimant.

Claimant received an accidental personal injury, to wit, fracture of the tibia and fibula of the left leg, and injuries to his right leg, hip, and chest on the 21st day of May, 1933, while in the employ of the petitioner. Compensation payments were begun on June 6, 1933, at the rate of $8 per week, which payments were continued until the 4th day of May, 1934. Thereafter, and on May 14, 1934, the petitioner filed its motion to discontinue payment of temporary total disability and to determine the amount of permanent partial disability sustained by the claimant. Thereafter, and on September 24, 1934, final hearing was had on said motion by the Commission, and on that date the Commission found, in substance: That the total wages of claimant for one year preceding the injury was $1,305, resulting in an average weekly wage upon which compensation would be paid at the rate of $16.73 per week; that claimant is entitled to 49 weeks' compensation at the rate of $16.73 per week, being $819.77, less the amount of compensation heretofore paid at the rate of $8 per week, or the sum of $392, leaving a balance due of $427.77 for his temporary total disability, from the date of injury to May 4, 1934; and that claimant is entitled to 43¾ weeks' compensation at the rate of $16.73 per week, or the sum of $731.93, being 25% permanent partial disability to his left leg due to said accidental injury, beginning May 4, 1934, of which award $340.18 has accumulated and is now due as of September 22, 1934, the date of the Commission's order.

To this award there is only one contention and one proposition before the court, namely, that the Commission erred in finding that the average wage of claimant one year preceding the injury was $1,305, making his compensation rate $16.73, and that

there was no competent evidence to support such finding.

Claimant's testimony was that for the year preceding his injury he made $975 teaching school, $300 working on a citrus farm, and $30 working for petitioner (for three and one-half weeks), making a total of $1,305, the exact amount of the Commission's order.

Petitioner contends that where the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of 300 times the average daily wage, or salary which an employee of the same class working substantially the whole of such immediately preceding year, in the same or in a similar employment, in the same or neighboring place, shall have earned in such employment during the days when so employed. With this contention we agree. The statutes prescribing the formula to be used in computing compensation is section 13355, O. S. 1931:

"Except as otherwise provided in this act, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows : * * *

"2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of 300 times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"3. If either of the foregoing methods of arriving at the annual average earnings of the injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident. * * *"

It is apparent that the Commission erroneously applied subdivision 3 of the statute above quoted. Under the facts above cited, the formula prescribed by subdivision 2 of said statute, supra, is the correct formula to be applied in this case. See Cosmos Mining Co. v. Industrial Commission, 101 Okla. 283,

225 P. 720; Geneva-Pearl Oil & Gas Co. v. Hickman et al., 147 Okla. 283, 296 P. 954.

Petitioner offered testimony to establish the wage or salary of employees of the same class working substantially the whole of such immediately preceding year in the same employment and in the same neighborhood where claimant was employed when injured, but we do not care to enter an order upon that basis in reversing and remanding the matter. We leave the making of an order upon this basis to the Commission upon such evidence as it may receive in the rehearing.

The award of the Industrial Commission is therefore vacated and the cause remanded, the record being what it is, with directions to compute claimant's rate of compensation under subdivision 2 of section 13355, O. S. 1931.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. PHELPS, J., absent.