### WESTGATE OIL CO. et al. v. MATTHEWS et al.

No. 26634. March 24, 1936.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Fred L. Sikes, Neil E. Maurer, Chas. McPherren, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. H. H. Matthews suffered an injury on the 11th day of March, 1935, while engaged in hazardous employment of the employer who was at the time engaged in one of the occupations denominated by the statutes of the state of Oklahoma covered by the Workmen's Compensation Act. At the time of the injury the employee, claimant herein, was working as a welder's helper. The sole question presented in this proceeding to review the award is the rate of compensation granted to the employee and the nature of the employment, and the fact of the injury is admitted.

Claimant testified that he went to work as welder's helper on the 4th day of February, 1935, and worked regularly until the 11th day of March thereafter, at which time he was injured; that he was paid the sum of 40 cents an hour. Without objection on the part of the employer claimant was permitted to testify that the customary wage for welder's helper was 50 cents and anywhere from 50 to 70 cents an hour.

The commission found from the testimony that the average daily wage of the claimant was $3.20 per day, and upon such finding entered the following award:

"It is therefore ordered: That within 15 days from this date the respondent or its insurance carrier pay to the claimant herein the sum of $311.75, less any sums heretofore paid, on account of the temporary total disability of the claimant due to said accidental injury, and that the extent of his permanent partial disability, if any, to be hereinafter determined.

"It is further ordered: That within 30 days from this date the respondent or its insurance carrier file with the commission receipts or other proper evidence, evidencing the compliance with the terms hereof."

It is the contention of the petitioner that the commission erred in granting any other award than the minimum of $8 per week. In Board of County Commissioners of Tulsa County v. Bilby, 174 Okla. 199, 50 P. (2d) 398, this court said:

"Where an injured employee, entitled to

compensation under the Workmen's Compensation Law, has not worked at the employment in which he was engaged at the time of the injury during substantially the whole of one year next preceding the injury, and there is no evidence as to the wage or salary of an employee of the same class in the same or similar employment in the same or a neighboring place for substantially the whole of the next preceding year, and no showing is made that there was the same or similar employment in the same or a neighboring place for substantially the whole of one year next preceding the accidental injury, neither subdivision 1 nor 2 of section 13355, O. S. 1931 (section 7289, subds. 1, 2, C. O. S. 1921), can reasonably and fairly be applied in arriving at the annual average earnings of the injured employee, and resort must be had to subdivision 3 of said section. Milling Machinery, Jones-Hettelsater Const. Co. v. Thomas, 174 Okla. 483, 50 P. (2d) 395."

In the case of Milling Machinery, Jones-Hettelsater Const. Co. v. Thomas, supra, it was held that in the absence of evidence under subdivisions 1 and 2, resort may be had to subdivision 3. In that opinion we said:

"Subdivision 2 could not apply for the reason there was no evidence as to the average daily wage or salary of an employee of the same class working the whole of such immediately preceding year in the same or similar employment, in the same or neighboring place. In fact, there was no evidence that there was employment of the same or similar line or class in that or a neighboring place for substantially the whole of the immediately preceding year. The only evidence of the same or similar employment was that which the construction company was giving. They were not engaged in such business in that or a neighboring place for substantially the whole of the year next preceding the injury. The award could not properly have been made under subdivision No. 2, under the evidence in the record."

Petitioner says that subdivision 4 of section 13355, O. S. 1931, is not meaningless. With this we agree. We have so said in Skelly Oil Co. v. Ellis, No. 26459, opinion filed January 21, 1936, 176 Okla. 569, 56 P. (2d) 891. In that opinion, and in the cases cited therein, it is pointed out that this subdivision of the section provided a method of computation of average weekly wages, a problem in simple arithmetic after the computation as provided by subdivisions 1, 2, or 3 of said section has been properly applied.

We are of the opinion that the court had competent evidence to support a finding under subdivision 2 of said section. The cross-questioning of petitioner seems to indicate that it was relying upon subdivision 3. But this was the error committed by the commission in R. S. James Const. Co. v. Aylor, 171 Okla. 173, 42 P. (2d) 528, which plaintiff admits states the correct rule. In that case it is stated:

"It is apparent that the commission erroneously applied subdivision 3 of the statute above quoted. Under the facts above cited, the formula prescribed by subdivision 2 of said statute, supra, is the correct formula to be applied in this case. See Cosmos Mining Co. v. State Industrial Commission, 101 Okla. 283, 225 P. 720; Geneva-Pearl Oil & Gas Co. v. Hickman et al., 147 Okla. 283, 296 P. 954.

"Petitioner offered testimony to establish the wage or salary of employees of the same class working substantially the whole of such immediately preceding year in the same employment and in the same neighborhood where claimant was employed when injured, but we do not care to enter an order upon that basis in reversing and remanding the matter. We leave the making of an order upon that basis to the commission upon such evidence as it may receive in the rehearing."

The petitioner submitted no testimony on this point before the commission and nowhere objected to the method used by claimant to prove the daily wage within the provisions of that section as introduced by claimant. Under the provisions of subdivision 2, there was certainly competent evidence, in the absence of objection on the part of the petitioner or evidence offered by the petitioner, to support the average daily wage of an employee of the same class as described by that section. There was either 40, 50, or 70 cents an hour as a basis upon which to figure said daily wage. If, as the petitioner suggests, the court arbitrarily took 40 cents an hour, it was an error in favor of the petitioner of which it should not complain. Being therefore of the opinion that there is sufficient competent evidence in the record to sustain the award made by the commission, the same is affirmed.

Award affirmed.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.