## SUPERIOR SMOKELESS COAL & MINING CO. et al. v. CATTANEO et al.

No. 27643. May 25, 1937.

A. E. White, for petitioners.

Foster Windham and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as petitioner and respondent.

On the 21st day of August, 1933, respondent sustained an accidental injury by reason of rocks falling on his back while in the operation of machinery about the mines of petitioner. Five ribs were broken. On the 21st day of November, 1934, by an order the respondent was paid $92.32, for temporary total disability. On the 11th day of November, 1936, an award for permanent partial disability was entered finding that respondent suffered a disability permanent and partial in its nature resulting in a decrease in earning capacity of $1 per day and ordered payment not to exceed 300 weeks from October 21, 1933, at $6 per week, ordering a lump sum payment of $955 computed from October 21, 1933, to November 12, 1936, being 159 weeks, and further payments thereafter at $6 per week during such disability not to exceed 300 weeks. The award must be affirmed. It is urged that the award at the rate of $6 per week is not in conformity with the findings of said commission and said award is contrary to the law and the evidence. The basis of an award in "other cases" under subdivision 3 of section 13356, O. S. 1931, is the loss of earning power or earning capacity or ability to make money. There is competent evidence from which the commission was justified in finding that the respondent suffered a decrease in earning capacity of $1 per day. Under subdivision 5 of section 13356, O. S. 1931, he is entitled to the minimum of $8 per week for he was drawing $3 per day at the date of the injury, and therefore more than $8 per week. An award for permanent partial disability under the "other cases" provisions shall not be less than $8 per week, except in cases where the employee's wages at the time of the injury are less than $8 per week. Hyde Construction Co. v. O'Kelley, 164 Okla. 149, 23 P. (2d) 155. If the commission erred in computing the amount of weekly payments at the rate of $6 per week, such error was in favor of the petitioner.

It is next urged that there is no competent evidence that the respondent was engaged by the petitioner for the substantial part of a year, and that by taking the amount shown by the books of petitioner, to wit, $368.98, and dividing by $3, the amount of daily wage of respondent, it will be seen that he worked not more than 123 days. We have said that the process of determining the annual earnings of an employee is not by division, but is by multiplication. If the wage is to be determined by subdivision 1 of section 13355, O. S. 1931, it is 300 times the daily wage of the employee, which in this case was $3. If it is under subdivision 2, it is 300 times the daily wage of a like employee. In Nichols Transfer & Storage Co. v. Pate, 173 Okla. 582, 49 P. (2d) 225, we said under subdivision 3 of the statute (13355) the base rate of compensation is dependent upon the earning capacity of claimant as determined upon consideration of his own earning and those of other employees similarly situated. In Acme Coal Co. v. Manning, 178 Okla. 420, 63 P. (2d) 76, we said that subdivision 3 was to be used when subdivisions 1 or 2 could not fairly and reasonably be applied. We further said that when subdivision 1 or 2 was fairly and reasonably applied, was largely within the discretion of the State Industrial Commission. The commission in the case at bar had found under date of November 21, 1934, that the wage of claimant was $3. There was on file at that date employer's first notice stating that respondent had worked for it three years and fixing his wage at $3 per day. It is to be judged the commission applied subdivision 1, supra. If it is not fairly and reasonably applied the record does not reflect it other than in the attempt of the petitioner at this late stage to divide the total amount which it claims respondent earned one year prior to the date of the accident and thus conclude that respondent worked only 123 days, therefore, less than a substantial whole of the year within the terms of the provisions of section 13355, supra. Section 13363, O. S. 1931, provides that the award or decision of the

commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award has been sent to the parties affected, a proceeding is commenced to review the same. Respondent urges that the above section precludes an inquiry at the subsequent hearing into the daily wage, 'and cites in support thereof Royal Mining Co. v. Murray, 167 Okla. 460, 30 P. (2d) 185; Marland Ref. Co. v. Bivins, 135 Okla. 14, 273 P. 212; Olentine v. Calloway, 147 Okla. 137, 295 P. 608; Ward v. Beatrice Creamery Co., 117 Okla. 31, 245 P. 570. If the petitioner was of the opinion that the respondent had not worked substantially the whole of a year, it should have made its objection in time to permit the respondent to proceed under subdivision 2 of said section to furnish competent evidence of the average daily wage of a like employee, or if subdivision 2 could not be applied, then to proceed under subdivision 3 to determine the wage-earning capacity. Westgate Oil Co. v. Matthews, 176 Okla. 346, 55 P. (2d) 1043. It cannot now take the total sums which respondent has made and by a process of division urge that this becomes competent evidence of a lack of employment for the substantial part of a year. We 'are of the opinion and hold that there was competent evidence from which the commission could find that the daily wage of the employee was $3 and we shall not discuss the nature and effect of the order of the 21st day of November, 1934, in which the commission found that the daily wage of the respondent was $3 and which award became final. Skelly Oil Co. v. Ellis, 176 Okla. 569, 56 P. (2d) 891; Harris Meat & Produce Co. v. Brown, 177 Okla. 317, 59 P. (2d) 280; Acme Coal Co. v. Manning, supra, and Manahan Drilling Co. v. Wallace, 179 Okla. 613, 67 P. (2d) 1.

It is urged that there is no competent evidence in the record supporting the finding of an award against Tom Phillips. Since the petitioner Superior Smokeless Coal & Mining Company joins with the petitioner Tom Phillips in the application to vacate the award, so far as Tom Phillips is concerned and does not object to such proceeding, we are of the opinion and hold that there is no competent evidence that Tom Phillips was in any way connected as an employer in this proceeding. The award is vacated in so far as it purports to enter an award against Tom Phillips, and in all other respects is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.