HICKORY COAL CO. et al. v.
LOZANO et al.

No. 30190. June 23, 1942.

Rehearing Denied Sept. 15, 1942.

*128 P. 2d 1009.*

Elton B. Hunt and W. L. Eagleton, both of Tulsa, for petitioners.

J. B. Underwood, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 30th day of September, 1940, Dave Lazano, Jr., hereinafter referred to as respondent, filed his employee's first notice of injury and claim for compensation in which he stated that while employed as a coal miner for the Hickory Coal Company, William Podpechan and Frank Podpechan, hereinafter referred to as petitioners, he sustained an accidental injury arising out of and in the course of his employment on August 13, 1940, when he was struck by a falling rock in the coal mine, sustaining a broken back, fractured ribs, and crushed body, resulting in paralysis.

On the 19th day of November, 1940, the State Industrial Commission entered an award for temporary total disability based upon a weekly rate of compensation of $12.81 calculated on an average daily wage of $3.33. This proceeding is brought to review the award as made.

Petitioners have presented two speci-

fications of error: (1) That there is no competent evidence to sustain the finding of the State Industrial Commission as to the award against William Podpechan and Frank Podpechan; (2) that the commission erred as a matter of law in computing the award under subdivision 2, 85 Okla. St. Ann. § 21.

Directing our attention to the second alleged error in computing the award under subdivision 2, supra, one of the three subdivisions which provide the method for computation of the rate of compensation, we are of the opinion that the State Industrial Commission correctly found from the evidence that subdivision 2 should be applied. The third subdivision is to be applied when 1 or 2 cannot reasonably or fairly be applied. Skelly Oil Co. v. Ellis, 176 Okla. 569, 56 P. 2d 891; Acme Semi-Anthracite Coal Co. v. Manning, 178 Okla. 420, 63 P. 2d 76; Chickasha Cotton Oil Co. v. Marcum, 182 Okla. 55, 75 P. 2d 1129; Superior Smokeless Coal & Mining Co. v. Cattaneo, 180 Okla. 135, 68 P. 2d 497. Whether subdivision 1 or 2 can be fairly or reasonably applied is largely within the discretion of the State Industrial Commission. Acme Semi-Anthracite Coal Co. v. Manning and Chickasha Cotton Oil Co. v. Marcum, supra.

If there is any competent evidence to sustain the finding made by the State Industrial Commission under the provisions of subdivision 1 or 2, the finding will not be disturbed on review. Chickasha Cotton Oil Co. v. Marcum, supra.

The evidence in the case at bar is not wholly clear. Respondent testified that he was a coal miner and was so engaged when he was injured. He had not worked the major portion of a year. No coal miner who had worked the major portion of a year testified. So far as the record shows, neither party called any witness who had worked the major portion of a year in this or any other mine. It is admitted that the respondent had not worked the major portion of a year, but had worked approximately 146 days for the Hickory

Coal Company in the year directly preceding the accidental injury. There is evidence in the record from which the State Industrial Commission could have found that the mine was not in operation except for approximately 146 days directly preceding the accident. There is other evidence which, if believed, authorized the State Industrial Commission in finding that ten or twelve men worked in said mine the entire year and that the mine was open the entire year preceding the accidental injury in question.

We cannot say, therefore, that there is no competent evidence from which the State Industrial Commission was authorized to find that there was, working in said mine for substantially the whole of a year next preceding the accidental injury in question, some one of the miners whose evidence of daily wage was submitted in the form of pay rolls. These pay rolls were submitted by both sides in the case at bar for the purpose of establishing the hourly wage paid to coal miners both in the mine of petitioner, Hickory Coal Company, and the mines in the same locality. Subdivision 3, supra, is to be applied only when 1 or 2 cannot be fairly and reasonably applied. We do not have in this jurisdiction a special statute dealing with casual workers or seasonal employment. Some states have defined by statute seasonal employment. California has defined casual workers. Prior to the opinion of this court in Acme Semi-Anthracite Coal Co. v. Manning and Chickasha Cotton Oil Co. v. Marcum, supra, this court had approved in a sense the casual worker rule. In the case at bar we think the facts more nearly parallel with those discussed in Chickasha Cotton Oil Co. v. Marcum, supra, where the injured employee was engaged in an industry which did not operate for the entire year.

Under the facts and circumstances of this case, we are of the opinion, and hold, that the respondent was not engaged in casual employment and that his weekly rate of compensation was

properly computed under subdivision 2, supra.

And now we consider the propriety of the award against William Podpechan and Frank Podpechan. It appears from the record that while claimant's attorney was interrogating a miner who had worked with claimant when they were employed by another employer, not the petitioners, the trial commissioner asked the question, "Can you stipulate this man was hurt on August 13, 1940?" To which this answer was given:

"By Mr. Eagleton: That's right." And then the following question and answer follow immediately: "By the Court: While working for respondents? By Mr. Eagleton: That's right."

It is stated in petitioner's brief that it was not until the transcript of the evidence was furnished that claimant's attorney discovered that the question asked by the commissioner was whether it could be stipulated that claimant was working for *respondents* and not *respondent.*

And it is further stated that the error was duly called to the commissioner's attention by verified application.

The record discloses that William Podpechan, one of the petitioners, was called as a witness by the trial examiner and testified that he was secretary and treasurer of the respondent Hickory Coal Company.

The record further discloses that subsequent to the entry of the so-called stipulation, Mr. Underwood, attorney for claimant, called William Podpechan as a witness for claimant and the following testimony was adduced:

"Direct Examination: By Mr. Underwood: Q. What is your name? A. William Podpechan. Q. With whom are you connected? A. The Hickory Coal Company. Q. What office do you hold in connection with the Hickory Coal Company —Secretary? A. Yes, sir. Q. Who are the other officers? A. Frank Podpechan and Leo Bregar. Q. What office does Frank Podpechan hold? A. He is president.

Q. Mr. Podpechan, the Hickory Coal Company is engaged in the operation of the coal company out on the Dawson Road, is it not? A. Yes, sir. Q. Was Dave Lozeno, Jr., an employee of that company on August 13, 1940? A. Yes, sir. Q. Was Dave injured on that day? A. On the 13th? Q. Yes. A. Yes, sir. . . ."

From an examination of all the evidence, we are of the opinion that the relationship of employer and employee did not exist between petitioners William Podpechan and Frank Podechan and the respondent.

The award is sustained as to the Hickory Coal Company, and it is vacated as to William Podpechan and Frank Podpechan.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.