TRANSWESTERN .OIL CO. et al. v. DILLMAN et al.

No. 30716. June 30, 1942.

Rehearing Denied Oct. 6, 1942.

*129 P. 2d 589.*

James Duley and S. S. Wachter, both of Oklahoma City, for petitioners.

Carmon C. Harris, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J. This is an action to review an award of the State Industrial Commission entered in favor of Cecil Dillman, hereinafter referred to as respondent, and against Transwestern Oil Company and its insurance carrier, hereinafter referred to as petitioners. On March 25, 1941, respondent, while employed by petitioner, sustained an accidental personal injury resulting in disability to his left foot. An award was made by the commission for temporary total disability and permanent partial disability to the left foot. No question

as to the nature or extent of the disability is involved herein.

The single proposition presented here is that the commission erred in determining respondent's weekly wages, which error resulted in the fixing of an erroneous rate of compensation. Said rate was fixed at $18 per week, and petitioner contends that it should have been $8 per week. The applicable statute is 85 O. S. 1941 § 21. The pertinent provisions are as follows:

"Except as otherwise provided in this act, the average weekly wages of the injured employee at the. time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:

"1. If the injured employee shall have worked in the employment in which he was working at the time of the accident, whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"3. If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sums as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

"4. The average weekly wages of an employee shall be one fifty-second part of his average annual earnings."

The commission was of the view that subsection 2 was applicable, and petitioner contends that the average weekly wage should have been determined according to the provisions of subsection 3.

Respondent was employed by petitioner as a roustabout. He was not employed regularly but worked extra whenever there was work to be done. He testified that he was paid at the rate of 75 cents an hour for the time he actually worked; that he had been paid approximately $600 for the work he had done during the preceding year; that during the time he was not working for petitioner, he operated a grocery store and filling station for himself. He testified that the wages of roustabouts regularly employed were between $135 and $150 per month. There was other evidence to the effect that roustabouts regularly employed were paid from $140 to $150 per. month.

Petitioner concludes its argument as follows:

"That the annual earnings, or earning capacity, under subsection 3, would be not more than $600 per year. Applying subsection 4 of this same statute to this yearly income, we find that the average weekly wage would be $11.54 44/52c per week. Then applying section 13356 to this weekly wage, we find that the compensation rate should be $8 per week instead of $18 per week."

In the case of Chickasha Cotton Oil Co. v. Marcum, 182 Okla. 55, 75 P. 2d 1129, it was said:

"One other argument is made in this connection, that is, that since the respondent was paid a total of $600 for six months' work, his weekly wages could only be $11.50, which is arrived at by dividing 52 into $600. We discussed the error of this theory in Skelly Oil Co. v. Ellis, 176 Okla. 569, 56 P. 2d 891, and Acme Coal Co. v. Manning, 178 Okla. 420, 63 P. 2d 76. The average daily wage either of one employed for substantially the whole of the year

or a like employee employed for substantially the whole of a year is first ascertained by the commission as a multiplier. Three hundred is then set by statute as a multiplicand, and the product is the annual earnings. The process is one of multiplication and not division. Skelly Oil Co. v. Ellis, supra; Harris Meat & Produce Co. v. Brown, supra. As to whether or not subdivision 1 or 2 can be fairly and reasonably applied is largely within the discretion of the State Industrial Commission, and where there is competent evidence to establish the average daily wage of the respondent, either under subdivision 1 or 2 of section 13355, O. S. 1931, the findings of the State Industrial Commission will not be disturbed. Acme Coal Co. v. Manning, supra."

A number of the applicable authorities were reviewed in the case of Eagle Picher Mining & Smelting Co. v. Lamkin, 189 Okla. 463, 117 P. 2d 519, and it was therein held:

"Whether subdivision 2, supra, can be reasonably and fairly applied is to be determined from the evidence submitted to the State Industrial Commission, and where there is competent evidence sufficient to support the fair and reasonable application thereof and to establish the average annual income thereunder, the finding will not be disturbed on appeal."

Various authorities relied upon by the petitioner herein are discussed in the body of that opinion. We find it unnecessary to reiterate that discussion herein. There was competent evidence in this case upon which the average daily wage could be reasonably and fairly determined.

Accordingly, the award is sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.