**SAFEWAY STORES, Inc. and Hartford Accident & Indemnity Company, Petitioners,**

**v.**

**Donald MAUK and the State Industrial Commission of the State of Oklahoma, Respondents.**

No. 36398.

Supreme Court of Oklahoma.

Oct. 26, 1954.

Fenton & Fenton, Oklahoma City, for petitioners.

George W. Miller, Ponca City, for respondents.

BLACKBIRD, Justice.

On August 3, 1953, Donald Mauk, hereinafter called claimant, filed his claim for compensation in the State Industrial Commission on account of having sustained an accidental injury June 20, 1953, while employed as a clerk for the Safeway Stores, Inc.

On the trial of his claim, it developed that claimant was a student and that during the school term he was employed by said store corporation only part time, working Friday evenings after school and on Saturdays. His principal duty consisted of carrying to their automobiles, or other conveyances, groceries and merchandise customers had purchased in one of the petitioner corporation's stores. Prior to his injury, he had been regularly and continuously employed in this part-time job between one and two years, except for one summer during which he worked full time for a period of approximately two weeks. He was paid at the rate of 75¢ per hour, but the number of hours he worked each week-end depended on the needs of the business. Claimant testified, without contradiction, that when he worked "all day Saturday" his "pay" was $6.28.

One of the principal questions before the Industrial Commission and the only one in this proceeding brought by Safeway Stores, Inc., and its insurance carrier, Hartford Accident and Indemnity Co., hereinafter called petitioners, to review the award said Commission made claimant, pertains to the amount of said temporary total disability award, and how it should be computed. The matter is governed by Title 85 O.S.1951 §§ 21 and 22, but the only question is in regard to section 21, or more specifically, whether paragraph 2 or paragraph 3, of said section applies. For a more comprehensive view of the statutory criteria the Legislature has enacted for the computation of awards, we quote not only the two sections whose application is in

direct dispute, but also other portions of said sections 21 and 22, as follows:

"§ 21. * * *

"1. If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, during substantially the whole of the years immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"3. If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

"4. The average weekly wages of an employee shall be one fifty-second part of his average annual earnings * *."

"§ 22. * * *

"2. Temporary Total Disability. In cases of temporary total disability, sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of three hundred weeks, except as otherwise provided in this Act."

The Commission was apparently of the opinion that claimant's compensation should be arrived at on the sole basis of paragraph 2 above, as that of an employee who had not worked in the same employment "during substantially the whole of" the year immediately preceding his injury, because, it appears to have computed claimant's weekly compensation rate to be $23.08 per week, solely upon the basis of the parties' stipulation that "persons working for the greater portion of one year in the same community and in the same employment are receiving the sum of $6.00 per day."

By using said $6 per day to compute claimant's weekly rate of compensation, it is readily apparent that the Commission arrived at $23.08 for such rate, by applying paragraph 2, rather than paragraph 3 of section 21, with pargaraph 4 of said section, and paragraph 2 of section 22, supra.

Petitioners assert that since it is undisputed that claimant was employed by Safeway Stores, Inc., *during* the whole year preceding his injury, but, by adding together the week-end periods plus the two week vacation period that he worked, it is manifest that he did not work "substantially the whole" of said year, this case comes neither under paragraph 1, nor 2, of said section 21, supra, but comes under the "other cases" portion, or paragraph 3 of said section, that is prescribed for cases where neither "of the foregoing methods of arriving at the annual average earnings of an injured employee" can "reasonably and fairly be applied". They say that as $23.08 is so much greater than claimant's weekly wages from the store corporation ever amounted to (except during the two weeks summer vacation period in which he worked full time), it was manifestly unfair to apply to this case the criteria set forth in either paragraph 1 or 2. They intimate that in applying paragraph 2, the Commission reached a result never contemplated by the Legislature which enacted paragraph 3 for the purpose of applying to just such cases. We agree. In referring to the same Statute herein ques-

tion, this Court, in Acme Semi-Anthracite Coal Co. v. Manning, 178 Okl. 420, 63 P. 2d 76, 79, said:

"It is to be noted that subdivision 1 and subdivision 2 deal with a method of computation by the average daily wage. That phrase was dropped in subdivision 3, and we think for a definite reason. Subdivision 3 is seeking to develop a broad and liberal method of determining *not the average daily wage, but the annual earning capacity* of the injured employee in a field denominated by that subdivision * * *." (Emphasis ours.)

This Court's opinion in Skelly Oil Co. v. Ellis, 176 Okl. 569, 56 P.2d 891, 894–896, contains a rather comprehensive review of our decisions previous to that time on the question at issue (and others) and it is plain therefrom that the rate of compensation of an injured employee who has worked *at intervals* aggregating less than "substantially the whole" of the year previous to his injury, should be based, not upon his "average annual earnings", as specified in paragraphs 1 and 2,. section 21, supra, but upon his "annual earning capacity" as specified in paragraph 3 of said section. It is only upon the latter basis that a rate of compensation can be arrived at that will be fair to both employer, his insurance carrier, and such an employee or claimant. We think it is clear that the Commission erred in computing claimant's compensation under paragraph 2, supra, and we have concluded that paragraph 3 is the only one of the first three numbered paragraphs of said section properly applicable here.

■ Respondents say, however, that we cannot overturn the Commission's award, citing Hickory Coal Co. v. Lozano, 191 Okl. 262, 128 P.2d 1009. See also Wood Oil Co. v. Wright, 189 Okl. 260, 116 P.2d 707, 708, and Acme Semi-Anthracite Coal Co. v. Manning, supra. It is true that by way of following a poorly constructed or ill-phrased paragraph of the syllabus in Acme Semi-Anthracite Coal Co., supra, we cited said case as authority for the following statement in the later Wood Oil Co. case:

"As to whether or not subdivision 1 or 2 can be fairly or reasonably applied is a question of fact and if there is any competent evidence to sustain the finding of the average daily wage based upon the reasonable application of said sections the finding will not be disturbed."

However, an examination of our opinion in the Acme Semi-Anthracite Coal Co. case reveals that no expression therein supports respondents' contention. In the body of that opinion we merely said: "Its (the Commission's) application of subdivision 2 is limited by the terms thereof, and the discretion of the Commission will not be disturbed *as long as* its finding of fact based upon competent evidence *is within the terms of that subdivision.*" The above, rather than the cited paragraph of the syllabus in said case and the quoted expression and first paragraph of the syllabus in the Wood Oil Co. case, expresses the proper rule. We have never applied the rule contended for by respondents, and Skelly Oil Co. v. Ellis, supra, demonstrates that we should not. The question of which of the first three numbered paragraphs of section 21, supra, applies cannot always be entirely a question of fact. Usually it is a mixed question of law and fact. In other words, the determination of whether or not a given claimant has "worked in the employment in which he was working at the time of the accident * * * during substantially the whole of the year immediately preceding his injury * * *" is a question of fact. But, after this question has been determined, the question of which of the first two numbered paragraphs or subsections of section 21, supra, applies is solely a question of law. Likewise, where it is undisputed that the claimant has worked throughout that year, but his total working time does not amount to "substantially the whole of the year", then it is merely a question of law, or legal interpretation, as to which of the three paragraphs should be applied. The expressions last referred to in the cases of Acme Semi-Anthracite Coal Co. v. Manning, and Wood Oil Co. v. Wright, and Hickory Coal

Co. v. Lozano, supra, are therefore modified to the extent that they conflict with this view.

As we have determined that the Industrial Commission erred in computing claimant's rate of compensation as if he was one of the class of employees referred to in paragraph 2 of section 21, supra, and we have also determined that said error was one of law, which can and should be "disturbed" by this Court, the award is vacated; and the cause is remanded, with directions to the Commission to determine claimant's award as in other cases properly coming under paragraph 3 of said section.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN and DAVISON, JJ., concur.

ARNOLD and WILLIAMS, JJ., dissent.