NORTH AMERICAN COMPRESS & WAREHOUSE COMPANY and Houston Fire & Casualty Company, Petitioners,

v.

Herman GIVENS and the State Industrial Court, Respondents.

No. 42416.

Supreme Court of Oklahoma.

Sept. 10, 1968.

A. R. Daugherty, Oklahoma City, for petitioners.

Marx Childers, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

There is presented here for review an award of the State Industrial Court allowing the respondent Herman Givens, claimant below, temporary total compensation and fifteen per cent permanent partial disability to the body as a whole. For convenience parties will be referred to herein as they appeared before the State Industrial Court.

Respondent challenges the sufficiency and competency of the evidence to establish that the claim of the claimant arose out of and in the course of his employment.

Claimant testified that on January 19, 1966, and for about three years prior thereto he was employed "off and on" by the respondent at its cotton processing plant in Chickasha, Oklahoma. During the month of December, 1965, and the early part of January, 1966, he was assisting in the pressing of cotton into bales. The work caused the air in the warehouse to be permeated with dust and cotton fibers which he inhaled. He requested the employer to furnish him a respirator but it was not provided. There were no ventilation fans in the warehouse for drawing the dust out of the building.

The breathing of the dust caused his lungs and throat to fill up and made it difficult for him to breathe.

On January 19, 1966, he was working as "head sewer" at the end of the press sewing the ends of the bales of cotton together. Dirt and dust came out of the ends of the bales in large quantities causing his clothing to be filled with dirt. About 1:30 P.M. he experienced difficulty in breathing and became very sick. He requested Bob Grimes, respondent's boss in charge of the workmen, to send him to a doctor but Grimes declined to do so. He left the premises and went to Dr. F.

Dr. F sent him to a hospital where he was furnished medical treatment for a period of nine days. During this period of time it was difficult for him to breathe. He coughed and vomited blood, dirt and other mucus substances.

At the trial claimant testified he is still bothered with trouble in his lungs, finds it

difficult to breathe, coughs, and spits up blood and other mucus substances.

Claimant did not return to work for respondent. About July 1, 1966, he worked for one week as a truck driver in the State of Texas. He returned to Oklahoma and on August 31, 1966, commenced working for the City Bus Company cleaning and servicing buses. He has continued working for the bus company and was working on the date of the trial December 21, 1966.

Bob Grimes testified that claimant reported to him on January 19, 1966, stating that he was sick, deathly sick; that claimant appeared to be having a hard time breathing and about to vomit. Claimant left the job and was replaced by another man. Grimes denied that claimant requested medical attention. He admitted that claimant was sick but he (Grimes) made no effort to determine the cause of claimant's illness.

The report of Dr. P who examined claimant on March 4, 1966, was submitted in evidence by the claimant. Dr. P finds claimant to have "some peribronchial pulmonary fibrosis in both lungs more pronounced on the right side" and "bronchitis due to inhalation of excess quantities of dust and cotton fiber at his place of employment." He finds the claimant to have residual disabilities of subacute bronchitis and pulmonary fibrosis, right lung. He recommends that claimant avoid working where there is exposure to dust inhalation and give prompt attention to respiratory infection that would further damage respiratory tract.

Dr. P finds the claimant's disability to be temporary total to March 1, 1966, and permanent partial disability of 20 per cent to the body as a whole. The permanent disability is based on his being unable to work in dusty conditions and to do the same type of work he was doing at the time of his injury.

The reports of Dr. F, who treated the claimant upon his admission to the hospital on January 19, 1966, were submitted in evidence by respondent. Dr. F states that upon admission to the hospital claimant complained "of pain in the right flank radiating anteriorly to the lower right posterior and lateral chest" but "was not sure of having sustained any particular injury." During the period of his hospitalization claimant presented the signs and symptoms of an upper respiratory irritation without any marked degree of fever, and for several days complained of pain as described above. Dr. F finds the claimant to have been totally and permanently disabled from January 19, 1966, to January 28, 1966, but to have sustained no permanent disability.

Dr. T examined the claimant on October 18, 1966, at the request of the respondent. His report was submitted in evidence by the respondent. He stated that claimant in his history related that he had worked for the respondent for approximately two years on cotton presses and when cotton bales were being formed cotton lint would fly out into his face causing his nose to bleed, shortness of breath, coughing spells when he would spit up blood and expel from his nose dirt, lint and blood. On the date of the examination claimant still complains of shortness of breath, coughing spells particularly in the morning when he spits up "yellowish sputum" and has headaches about every two weeks aggravated by coughing. Dr. T states that on the date of the examination he is "unable to make a pathological diagnosis" of claimant, but finds "no evidence of pulmonary heart disease or cardiovascular disease." He considers claimant "capable of performing manual labor."

The report of Dr. D, who examined claimant on October 14, 1966, at the request of the respondent was submitted in evidence by the respondent. Dr. D stated that claimant in furnishing his history related that he had worked for the respondent for about two years prior to becoming ill at about 1 P.M. while working on January 19, 1966; that on said date he inhaled dust and cotton lint which caused him to have trouble breathing and coughing; that he spat up blood for about two or three days. Dr. D states that he found "no evi-

dence of cough, asthma wheezing or any other symptom referable to the heart, lungs or respiratory system;" that he does not believe claimant has "any permanent disability as a result of this illness."

■ We have held that where an employee during the course of his employment at a hazardous occupation is exposed to the breathing of dust which manifests itself soon after his first exposure and grows progressively worse culminating in the employee becoming violently ill after working a portion of a day causing the employee to become disabled the dust inhaled on said date constituted the exciting cause of his injury and the same was an accidental personal injury compensable within the provisions of the Oklahoma Workmen's Act. C. K. Howard & Co. v. McKay, 189 Okl. 453, 117 P.2d 525; Tri-State Contractors v. Althouse, 166 Okl. 296, 27 P.2d 1041; and Quality Milk Products v. Linde, 159 Okl. 256, 15 P.2d 58.

The facts in the present case clearly brings it within the rule declared in the above cited cases. The claim of the claimant is compensable within the provisions of the Oklahoma Workmen's Compensation Act.

■ The medical evidence although conflicting is sufficient to sustain the award made by the State Industrial Court. It is not the province of this court to weigh the evidence to determine where the preponderance lies. The award sustained by reasonable competent evidence and will not be disturbed by this court on appeal. Lee Way Motor Freight, Inc. v. Highfill, Okl., 429 P.2d 745; Sunray Mid-Continent Oil Company v. Hoover, Okl., 360 P.2d 710.

Respondent contends that the trial court erred and abused its discretion in refusing to grant them a continuance for the purpose of securing and submitting additional evidence after the hearing had been concluded.

At the conclusion of the hearing on December 21, 1966, respondents requested a continuance of the hearing to enable them to offer impeachment evidence. The same

request was at a hearing before the court sitting en banc. Both requests were denied.

Claimant's Form 3 was filed on January 27, 1966. Respondent filed his answer out of time with permission of the court on April 12, 1966. The case was set for hearing on several occasions. It was finally tried on December 21, 1966. When the case was called for hearing respondent announced ready for trial and did not request a continuance.

Most laudably the State Industrial Court by its practice and rules has provided methods for the expeditious and prompt disposition of Industrial Claims. The court discourages multiple hearings, and provides that a continuance for the securing of further testimony or evidence shall not be granted "except for good cause shown." Rule 12, State Industrial Court.

■ We have held that the granting or denying of a request for continuance of a hearing for the taking of additional testimony rests to a large extent within the discretion of the State Industrial Court and its decision will not be reversed by the court "unless there is an abuse of discretion resulting in manifest injustice." City of El Reno v. Short, 206 Okl. 592, 245 P.2d 711; Barnsdall Ref. Corp. v. Locker, 182 Okl. 318, 77 P.2d 749.

■ The evidence which respondent sought to secure relates to the ability of claimant to work at ordinary manual labor after commencing work on August 31, 1966, for the City Bus Company, also his failure to advise the officials of the bus company at the time he commenced working that he had a compensation claim pending. Claimant does not deny that on August 31, 1966, he was able to perform ordinary manual labor. It is his contention that while he was able to perform ordinary labor he still has a 20 per cent disability from his prior accident. The proferred evidence on this feature of the matter is immaterial.

■ Secondly, respondent contends that claimant at the time he commenced work-

ing for the bus company failed to advise the proper parties that he had an industrial claim pending. Such testimony could have been considered only for impeachment purposes. We have held that there is no abuse of discretion of the trial court in denying a continuance for the purpose of securing evidence where "the evidence is only of an impeachment nature and relates solely to reputation." McCann v. McCann, 24 Okl. 264, 103 P. 694. No error was committed here.

Respondent contends that the State Industrial Court erred in fixing the compensation rate of the claimant at $33.45 per week.

 Claimant testified that he was paid $1.25 per hour, forty hours each week, or $50.00 per week and sometimes worked overtime when he received a time and a half. In response to questions asked by the trial judge he testified that he had worked for the respondent off and on but fairly steady for a period of three years prior to January 19, 1966.

Respondent submitted in evidence a work sheet prepared from the payroll records of the respondent. The work sheet reflects that claimant earned $20.00 during the week ending August 18, 1965, $185.00 during the month of September, 1965, no earning during the month of October, 1965, $64.00 during the month of November, 1965, $114.47 during the month of December, 1965, and $113.13 during the month of January, 1966.

The trial judge apparently fixed the rate of compensation under 85 O.S.1961, § 21, subsection 1, on the basis of the claimant having worked for the respondent "during substantially the whole year immediately preceding his injury," his average annual earnings shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

The evidence although conflicting sustains the finding made by the State Industrial Court fixing the rate of compensation.

There was competent evidence sufficient to establish the average daily wage under subdivision 1 or 2 of Title 85 O.S. 1961, § 21, and the findings of the State Industrial Court in this regard will not be disturbed on appeal. Hickory Coal Co. v. Lazano, 191 Okl. 262, 128 P.2d 1009; Chickasha Cotton Oil Co. v. Marcum, 182 Okl. 55, 75 P.2d 1129.

The award of the State Industrial Court is supported by reasonable competent evidence and is in accord with the established laws of this jurisdiction.

The award is sustained.

All the Justices concur.