**TRINITY CONCRETE PRODUCTS COMPANY and the Travelers Insurance Company, Petitioners,**

v.

**Franklin GABRIEL and the State Industrial Court, Respondents.**

No. 43935.

Supreme Court of Oklahoma.

Sept. 15, 1970.

Rehearing Denied Oct. 6, 1970.

H. W. Nichols, Jr., Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

J. Clark Russell, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

WILLIAMS, Justice.

There is involved here for review an award entered by a judge of the State Industrial Court, affirmed by the State Industrial Court, sitting en banc, awarding respondent, Franklin Gabriel, ten per cent permanent disability to the body as a whole for injuries he is alleged to have sustained in an industrial accident. Parties will be referred to as they appeared before the State Industrial Court.

Claimant on October 1, 1968, was working for respondent as a crane operator at its Stringtown plant in Atoka County. He had been employed in the same capacity by the respondent for about three years.

Claimant's duties required him to use the crane in lifting large quantities of dust, sand and small particles of crushed rock that previously had been brought from the adjoining quarry, into bins for mixing with asphalt.

Claimant testified that he was exposed continuously to large clouds of dust which he breathed into his lungs; that about three or four months prior to October 1, 1968, he began to suffer from being unable to breathe, would "cough up a mucous type of stuff" and he would "hurt on both sides of my lungs"; that he quit working for respondent "to get away from the dust" and to try and get a job where he "wouldn't have" to breathe the dust, thinking that he "might live a little longer." He secured a job with another contractor out in the open, "pouring concrete on a bridge" where it is "not as dusty."

Claimant submitted in evidence the written report of Dr. P who finds that claimant has a thirty per cent permanent disability to the body as a whole as the result of injury to his lungs and bronchial tubes from breathing dust while working for respondent. Respondent submitted in evidence the written report of Dr. H who finds that claimant's exposure to the dust "was probably quite comfortable, but fortunately did not produce disease other than possibly some acute bronchitis and sinusitis with cough and nasal discharge at the time of the exposure."

Respondent's sole contention on review is that the finding of the State Industrial Court "is not based upon any evidence in the record." Specifically respondent urges that no "accidental or unusual event" occurred on October 1, 1968, the date of the alleged accident resulting in claimant's disability. We do not agree. On October 1, 1968, claimant's disability from breathing the dust became so acute that he quit his job so he could get "some fresh air" and "live longer".

We see no material distinction between the facts presented here and those involved in North American Compress & Warehouse Company v. Givens, Okl., 445 P.2d 270, wherein we held:

"We have held that where an employee during the course of his employment at a hazardous occupation is exposed to the breathing of dust which manifests itself soon after his first exposure and grows progressively worse culminating in the employee becoming violently ill after working a portion of a day causing the employee to become disabled the dust inhaled on said date constituted the exciting cause of his injury and the same was an accidental personal injury compensable within the provisions of the Oklahoma Workmen's Act. * * *"

In our view, the above case and the cases therein cited are controlling. The award of the State Industrial Court is supported by reasonable and competent evidence both lay and medical.

Award sustained.

All the Justices concur.