## SHRINE DRILLING CO. et al. v. PRICE et al.

No. 24395. Opinion Filed June 6, 1933.

Pierce, Follens & Rucker, for petitioners.

Johnson & Jones, for respondents.

BUSBY, J. This is an original proceeding instituted in this court for the purpose of reviewing and vacating an order of the Industrial Commission made on the 17th day of December, 1932, commuting 52 weekly periodical payments to one lump sum payment. The respondent, Dewey Price, was the claimant before the Industrial Commission, and the petitioners herein were the respondents. The parties will be referred to in this opinion as they appeared before the State Industrial Commission.

It appears from an examination of the record that on the 15th day of January, 1931, after hearing had before the Industrial Commission, an order was entered determining that the claimant had been permanently and totally disabled by reason of an accidental injury arising out of and in the course of his employment. The claimant was awarded compensation for a period of 500 weeks at the rate of $18 per week in accordance with such finding.

A proceeding was instituted in this court for the purpose of reviewing the order last above mentioned, and the matters in controversy were decided and the award was affirmed. That case was reported as Aetna Life Insurance Co. v. Price et al., 152 Okla. 52, 3 P. (2d) 732.

Between the time that the award of the Commission was affirmed by this court and the time the order now before us was made, the Commission made two other orders commuting periodical payments to lump sum payments, the first of such orders being on December 28, 1931, and affecting 50 weeks' compensation; the second being on June 2, 1932, and affecting 20 weeks' compensation.

By virtue of the provisions of section 7299, C. O. S. 1921, section 13356, O. S. 1931, the State Industrial Commission is vested with authority and discretion to commute periodical payments to one or more lump sum payments, provided the same is in the interest of justice. This court has held in connection with the exercise of that power that the Commission is clothed with a wide range of discretion, and that its orders will not be disturbed unless it is apparent that such discretion has been abused. One of the latest cases on this subject is that of M. T. Smith & Son Drilling Co. v. Cox, 162 Okla. 301, 21 P. (2d) 496. The question involved in this proceeding is whether the State Industrial Commission abused its discretion by ordering a third lump sum payment.

It appears from an examination of the record in this case that the injuries sustained by the claimant were very serious in nature. He lost one eye, and the testimony indicates that he also suffered a total loss of the use of his right arm and a total loss of the use of his left leg. It appears that on March 4, 1933, the respondent had paid to the claimant compensation for a total period of 252 weeks, inclusive of lump sum payments made pursuant to the orders bearing date of December 28, 1931, and June 22, 1932. Under the award for compensation made by the Commission and affirmed by this court, this leaves compensation for 248 weeks yet to be paid. The payment of the award for the 52 weeks in question would leave still due and owing to the claimant weekly payments for 196 weeks.

The Commission has a continuing jurisdiction of the causes before it, and upon proper showing of a change of condition, may reduce or increase the amount of award previously made by it, subject to the qualification that such vacation or change in a previous award does not affect the sum or sums already paid pursuant thereto. In commuting periodical payments to lump sum payments, it is the duty of the Commission to bear in mind the possibility or probability of a change in condition of the claimant in order that the rights of the respondent and the insurance carrier may be properly protected. The probability or possibility of a change in condition of the claimant necessarily varies with the facts and circumstances in each particular case, and a determination of the question of whether such a commutation should be made rests within the sound discretion of the State Industrial Commission viewed in the light of the circumstances surrounding each particular case. In view of the severe injuries suffered by the claimant in this case, and in view of the fact that after the order now under consideration is complied with there will still remain to be paid nearly 200 weeks of compensation, we cannot say that the State Industrial Commission abused its discretion by commuting to an additional lump sum payment, 52 weekly payments.

It appears in connection with this case that there is now pending and on file before the State Industrial Commission a motion by the respondent to review the award on the ground of a change in the claimant's condition. This motion has been pending for some time and a hearing should have been had thereon. The respondents are entitled to a hearing before the Commission on the

66

merits of their motion to review the award on the grounds of a change of condition. Therefore, the order of the Industrial Commission made December 17, 1932, will be affirmed, with directions, however, to the State Industrial Commission to grant the respondent an immediate hearing in that court on their motion to review the award.

RILEY, C. J., and ANDREWS, McNEILL, BAYLESS, and WELCH, JJ., concur. CULLISON, V. C. J., and SWINDALL and OSBORN, JJ., absent.