### BARNETT PETROLEUM CO. et al. v. HOLDER et al.

No. 29082.    Oct. 10, 1939.

Gibson & Savage and Sam Glassman, all of Oklahoma City, for petitioners.

J. B. Moore, of Ardmore, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the petitioner, Barnett Petroleum Company, the employer, and Lloyds America, an insurance company, insurance carrier, seeking to vacate an order in favor of Walter Holder, respondent, which order commuted to a lump sum certain periodical payments to be made for permanent and total disability under a former final award.

On August 21, 1937, the respondent sustained an accidental injury arising out of and in the course of his employment, final adjudication of which is evidenced by an award dated July 9, 1938, in which it was determined that as a result of the accidental injury the respondent is now totally and permanently disabled and by virtue of such disability is entitled to the maximum of $18 per week for not to exceed 500 weeks.

On August 29, 1938, the respondent filed an application for a commutation to a lump sum, and after a hearing thereon the Industrial Commission entered its order of January 14, 1939, in which it is provided that the petitioner pay the sum of $2,000 in addition to the payments heretofore made, same to be commuted off the latter end of the award. It is this order which petitioners seek to have reviewed.

The record discloses that on a former order of October 1, 1938, the State Industrial Commission had commuted into a lump sum $2,500 from the latter end of the award; that at the date of the order of January 14, 1939, $3,170 had been paid on the total permanent award. The question involved in this proceeding is whether the State Industrial Commission abused its discretion by ordering the last lump sum payment. Shrine Drilling Co v. Price, 164 Okla. 64, 22 P.2d 1010.

In addition to disclosing the payments as above stated, the record discloses that respondent is totally and permanently disabled; that in all probability he will never again be able to be employed in industry in any way; that he is married and has a wife and seven children to support; that although he was totally and permanently injured and has been since 1937, he has had but $3,170 to live on as well as pay his attorney fees and expenses of closely contested applications in his own interest in the case at bar; that for this and other evident reasons he is now heavily in debt; that if he receives the last payment ordered by the State Industrial Commission, he can liquidate his debts and purchase a small farm where his children can assist him in gaining a livelihood. As was said in Shrine Drilling Co. v. Price, supra:

"By virtue of the provisions of section 7299, C. O. S. 1921, section 13365, O. S. 1931, the State Industrial Commission is vested with authority and discretion to commute periodical payments to one or more lump sum payments, provided the same is in the interest of justice. This court has held in connection with the exercise of that power that the commission is clothed with a wide range of discretion, and that its orders will not be disturbed unless it is apparent that such discretion has been abused."

See, also, Southwestern Light & Power Co. v. Griffin, 136 Okla. 138, 276 P. 774; Stephenson v. State Industrial Commission, 79 Okla. 228, 192 P. 580.

We find no abuse of discretion exercised by the State Industrial Commission, and are of the opinion, and hold, that the record does not disclose that the order was made otherwise than in the interest of justice.

The order is sustained.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, HURST. DAVISON, and DANNER, JJ., concur. GIBSON, J., absent.