EAGLE PICHER MINING & SMELTING CO. v. LAMKIN et al.

No. 29985.   April 15, 1941.

Rehearing Denied May 6, 1941.

Application for Leave to File Second Petition for Rehearing Denied Oct. 14, 1941.

*117 P. 2d 519.*

John R. Wallace and A. C. Wallace, both of Miami, for petitioner.

Claud Briggs, John Morrison, and Peyton Ford, all of Oklahoma City, for respondent.

ARNOLD, J. This proceeding is brought by the Eagle Picher Mining & Smelting Company, petitioner, to review an award in favor of Frank Lamkin, respondent.

On August 2, 1938, the respondent claimant was painting stacks for the petitioner and fell, sustaining an accidental injury, by reason of which he is now permanently and totally disabled. An award was made for the maximum of 500 weeks at the maximum weekly compensation.

The first proposition raised by the petitioner is that the Industrial Commission improperly and erroneously computed the annual earnings, and, therefore, the average daily wage of respondent claimant. Its second proposition is to the effect that the commission allowed an unreasonable attorney's fee and commuted same to a lump sum and ordered it paid off of the latter end of the award.

Section 13355, O. S. 1931, 85 Okla. St. Ann. § 21, provides in part:

"1. If the injured employee shall have worked in the employment in which he was working at the time of the accident, whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"3. If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident."

The Legislature provided three effective and essential methods by which the annual earnings, or earning capacity, of an injured employee may be and must be calculated. These methods are exclusive and must be followed in determining the average annual earnings, or earning capacity, of an injured employee by the commission, according to the terms thereof. These methods of computation must be used in the order designated by the Legislature, because, no doubt, the Legislature thought subdivision 1, supra, set forth the most practical and best method, if applicable, and subdivision 2, supra, provided the next best method, if applicable, and subdivision 3, supra, can be resorted to only

after it has been determined that neither subdivision 1 nor 2 can be fairly and reasonably applied.

It will be noted, by the language of subdivision 3, supra, that it was meant to provide a broad method by which the "earning capacity" of an injured employee could be determined in the event that neither subdivision 1, supra, nor subdivision 2, supra, could be reasonably and fairly applied. The State Industrial Commission must determine the "average annual earnings" of an injured employee under subdivision 1, supra, unless the evidence affirmatively shows that it is not applicable. If the evidence discloses that subdivision 1, supra, is not applicable, then the State Industrial Commission must determine the average annual earnings under subdivision 2, supra, unless the evidence shows that it cannot be applied. If neither subdivision 1, supra, nor subdivision 2, supra, can be reasonably and fairly applied, it is the duty of the State Industrial Commission to proceed under subdivision 3, supra, to determine what "shall reasonably represent the annual earning capacity" of such injured employee. Under subdivisions 1 and 2, the commission determines average annual earnings; under subdivision 3, it determines average earning capacity.

The respondent claimant was employed as a furnace man, and also did painting for the petitioner. Apparently from the record, unnecessarily unsatisfactory as it is, the respondent claimant worked 156 days at his employment for the petitioner during the year immediately preceding his accidental injury. Also during that period, in addition thereto, he worked 12 days for the petitioner doing painting under special contract. One hundred fifty-six days, or even 168 days, is not "substantially the whole of the immediate preceding year," and, therefore, subdivision 1, supra, is not applicable, and the annual earnings of said respondent claimant cannot be computed thereunder. Skelly Oil Co. v. Ellis et al., 176 Okla. 569, 56 P. 2d 891.

Since the respondent claimant did not work substantially the whole of the year immediately preceding the injury, and subdivision 1, supra, is not applicable, it was the duty of the State Industrial Commission to proceed under subdivision 2 of section 13355, supra, unless such method could not be reasonably and fairly applied, in which case resort should be had to subdivision 3, supra. In this case the State Industrial Commission heard testimony under both subdivisions 1 and 2 of section 13355, supra, and based the rate of compensation on the average daily wage as provided therein. Under subdivision 2 of section 13355, supra, the annual earnings shall consist of 300 times the average daily wage, or salary, of an employee of the same class, working substantially the whole of the immediately preceding year, in the same or a similar employment. The record discloses that Lee B. Bilby was employed by the petitioner as a furnace man; that he, together with Norman, was working with respondent claimant at the time of the injury. Testimony was introduced as to the average daily wage of the said Bilby, he being an employee of the same class, that is, a painter and furnace man receiving same scale of pay therefor, engaged in the same employment, who had worked 252½ shifts, or days, during the year immediately preceding the injury. The evidence, in this respect, discloses that the business of the petitioner was annual or year-round, not seasonal, and the plant was ordinarily in operation continuously. However, during the year immediately preceding the injury. for a period of at least two months, production was curtailed, by reason of business conditions, and some of the furnaces were shut down, which reduced the number of men needed during that period. The business of the petitioner being annual or year-round, not seasonal, the curtailment of production by reason of business conditions, causing loss of time for a steady employee, cannot be charged against such employee in determining whether or not such employee has worked substantially the whole of the immediately preceding year. We hold that 252½ days under the foregoing facts does constitute substantially the whole of the immediately preceding year. The record further discloses that the employment of the respondent claimant was regular and permanent, and even though referred to by the petitioner as extra, it afforded him the possibility, at least, of earning annually an amount measured by the number of working days in a year, estimated and fixed by the act at 300. There was no preconceived plan of part-time or staggered employment. Respondent claimant was to work the full time if required so to do by petitioner. It makes no difference under the facts in this case that during the year immediately preceding injury the respondent claimant did not work a sufficient number of days, so that it could be said that he has worked substantially the whole of the immediately preceding year, because he is a regular employee and there is no preconceived plan of staggered employment as applied to him; he had a coworker who was a regular employee, doing the same kind of work that respondent claimant was employed to do, who did work substantially the whole of the immediately preceding year, and, therefore, subdivision 2 can be reasonably and fairly applied; and, as intended by the Legislature, should have been applied in this case on the basis of the co-employee Bilby's earnings for the immediately preceding year. Whether subdivision 2 of section 13355, supra, can be reasonably and fairly applied, should be determined from the evidence submitted to the State Industrial Commission, and where there is competent evidence sufficient to support the fair and reasonable application thereof and to establish the average daily wage thereunder, the findings will not be disturbed. Briscoe Construction Co. v. Miller, 184 Okla. 136, 85 P. 2d 420; Chickasha Cotton Oil Co. et al. v. Marcum et al., 182 Okla. 55, 75 P. 2d 1129; Acme Semi-Anthracite Coal Co. v. Manning et al., 178 Okla. 420, 63 P. 2d 76.

It is the contention of the petitioner that the average daily wage should have

been determined under subdivision 3 of section 13355, supra, and it relies principally upon the case of Skelly Co. Oil Co. v. Ellis, supra. In that case the only evidence before the State Industrial Commission was that Ellis worked on an hourly basis and that he worked a certain number of hours per week; that he worked only at irregular intervals and had worked for the petitioner 115 days during the year immediately preceding the injury. There was no evidence as to the basis on which he was employed, neither was there evidence as to the average daily wage of an employee of the same class, engaged in the same or similar employment, who had worked substantially the whole of the year immediately preceding the injury. This court held in syllabus 4:

"When the average annual earnings of an employee cannot be reasonably and fairly determined under subdivisions 1 or 2 of section 13355, O. S. 1931, then a determination thereof must be had under subdivision 3 of said section."

In the instant case the respondent claimant was a regular employee, not an intermittent employee; there was no preconceived plan of staggered employment; he reported for work every day and worked the full time, if required so to do by the petitioner. Further, there was evidence introduced as to the average daily wage of an employee of the same class, engaged in the same employment, who had worked substantially the whole of the year immediately preceding the injury. In other words, there was competent evidence in this case upon which the average daily wage could be reasonably and fairly determined under subdivision 2 of said section.

A correct determination of the average annual earnings, or earning capacity, of the injured employee is the essential thing to keep in mind. This must be done on sufficient competent testimony and according to the determining scale outlined by the Legislature, but an award should not be vacated merely because the State Industrial Commission made an error of law in its determination that one subdivision is applicable, when, in fact, another subdivision is applicable, if there is no prejudice thereby. In this case the average annual earnings and daily wage of the respondent claimant were determined under subdivision 1, supra, and also under subdivision 2, supra. As heretofore pointed out, subdivision 1 is not applicable. The evidence was ample, however, to determine respondent claimant's annual earnings and average daily wage under subdivision 2, supra. Since the State Industrial Commission considered the proof necessary to sustain the determination thereof under subdivision 2, supra, it would serve no useful purpose to send this case back to the State Industrial Commission merely to have an erroneous conclusion of law corrected. Actually, the award is correct in its essential features, and the error, if any, committed is harmless.

The second complaint of the petitioner is the unreasonableness of the amount of attorney's fee and the commutation thereof to a lump sum from the latter end of the award. The grant of the attorney's fee lies within the discretion of the State Industrial Commission, which is given the broad powers to commute to a lump sum in a permanent total award, and since the injured employee does not complain of the unreasonableness of the attorney's fee, we fail to see where there is any occasion for the petitioner to complain.

Award affirmed.

WELCH, C.J., and RILEY, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. CORN, V.C.J., and OSBORN, J., absent.