NATIONAL ZINC CO., Inc., et al. v. TURINETTI et al.

No. 30286. Jan. 26, 1943.

Rehearing Denied Feb. 16, 1943.

*133 P. 2d 877.*

J. B. Houston and J. H. Kolbus, both of Tulsa, for petitioners.

Mac Q. Williamson, Atty. Gen., and P. C. Lackey, Asst. Atty. Gen., for respondents.

ARNOLD, J. This is an original proceeding brought by the National Zinc Company and the Hartford Accident & Indemnity Company, hereinafter called petitioners, to review an award of the State Industrial Commission made to William C. Turinetti, hereinafter called respondent.

On September 4, 1940, respondent filed employee's first notice of injury and claim for compensation and therein stated that he sustained an accidental injury on June 25, 1940, while employed by petitioner National Zinc Company. Under the column "cause of accident" it is stated that he was loading some six-inch pipe when he slipped and sprained his back.

A stipulation and receipt on Form 7 was filed on the same date, together with a report of injury by the petitioners, and the total sum of $76.95 was paid respondent.

Thereafter, on the 28th day of February, 1941, following a hearing held before the State Industrial Commission, the present award for $130.95 less any sum theretofore paid was entered covering all of the temporary total disability up to and including the date of the order. The petitioners have commenced this proceeding to review this order and award and raise the sole issue that the evidence is insufficient to sustain the finding as to the average daily wage of the respondent.

The State Industrial Commission based its finding upon the fact that the respondent had worked 176 days prior to the date of the injury and that this constituted substantially the whole of the year next preceding the date of the injury within the terms and meaning of subdivision 1, 85 O. S. 1941 § 21, and petitioners urge that this was error in the light of the holding in Skelly Oil Co. v. Ellis, 176 Okla. 569, 56 P. 2d 891, and Oklahoma City v. Arnold, 165 Okla. 294, 25 P. 2d 651.

All the facts pertinent to the sole issue raised are admitted or conclusively shown. The respondent was a regular employee of the petitioner company and had been for a number of years. A contract between the company and the union of which the respondent was a member had been in force for more than a year preceding the date of his injury and provided for a 40-hour week, or five days of eight hours each per week, the employee to receive time and a half for overtime and double time on Sunday. Under this contract the total number of days an employee could work would be 262 days per year. The respondent worked 176 days during the year next preceding his injury. No employee in the respondent's department worked more than five days per week in the year next preceding the accidental injury. The plant operated on a year-round seven days per week plan. The record does not disclose whether any co-employee worked the maximum number of days that could have been worked under the contract between the employer and the union. The respondent, no doubt, could have shown the wages received by co-employees who had worked substantially the whole of the preceding year in the same or similar employment in the same or a neighboring place.

In the sole specification of error urged in the brief petitioners argue that, since by contract the respondent was bound not to work more than five days per week in the year next preceding his accidental injury, he was a casual worker and therefore his weekly rate of compensation should have been calculated under subdivision 3, sec. 21, supra.

We have heretofore held that if an employee shall have worked in the employment in which he was working at the time of his accidental injury during substantially the whole of the year immediately preceding his injury, his compensation should be calculated under subdivision 1, sec. 21, supra; and we have also held that if an employee shall not have worked in such employment during substantially the whole of such year, but another or other employees shall have been so employed in the same or neighboring place, his compensation should be calculated under subdivision 2, sec. 21, supra. Eagle Picher Mining & Smelting Co. v. Lampkin, 189 Okla. 463, 117 P. 2d 519, and other cases.

In Skelly Oil Co. v. Ellis, supra, we held that 115 days did not constitute the substantial whole of the preceding year; in Eagle Picher Mining & Smelting Co. v. Lampkin, supra, we held that 168 days did not constitute the substantial whole of the preceding year; and in Oklahoma City v. Arnold, supra, we held that 180 days did not constitute the substantial whole of the preceding year. Obviously, under these decisions, the 176 days worked by the respondent did not constitute the substantial whole of the year immediately preceding his injury. The respondent in this case was a regular, not a casual or intermittent, employee.

The Legislature fixed the method by which compensation should be computed. The employer and employee are not at liberty to change the method or basis of computation of compensation, for to do so would have the effect of repealing or revising the statute relative thereto. It is within the exclusive province of the Legislature to revise, repeal, or amend the plain provisions of the statute relative to computation of compensation. See Eagle Picher Mining & Smelting Co. v. Lampkin, supra.

The burden was on the respondent to furnish by affirmative proof the basis for computation of his compensation. It was the duty of the Industrial Commission to compute the compensation under subdivision 1, supra, if same could be reasonably and fairly applied, otherwise it was its duty to fix the rate of compensation under subdivision 2, supra, if same under the testimony could be reasonably and fairly applied. If the testimony showed that neither subdivision 1 nor 2 was reasonably and fairly applicable, then it was its duty to determine and fix respondent's compensation under subdivision 3.

The testimony in this case is insufficient to support the determination of the respondent's rate of compensation under subdivision 1, supra, and it would be necessary to vacate the award except for the stipulation and admission of the petitioners. At the close of the hearing of this cause before the commission, the petitioners stipulated "that the annual wages should have been determined by adjustment on a basis of 262 days a year," and in their brief they say: "We did stipulate that the claimant worked 176 days and we agreed that this should constitute substantially the whole of the year. *The question of whether or not the claimant worked substantially the whole of the year is not an issue in this case.*" Where an employer, subject to the Workmen's Compensation Act, admits and stipulates that a given number of days do constitute "the substantial whole of the immediately preceding year" and the contention of the adverse party is in accord with such admission or stipulation and the enforcement of the stipulation or admission would not be detrimental or adverse to the rights of the laborer, claimant under the act, the stipulating party should be held to his stipulation or admission. Such is the case before us, and the respondents should be held to their stipulation and admission. By reason of their stipulation and admission, the error of the Industrial Commission in determining that 176 days do constitute "the substantial whole of the immediately preceding year" and its erroneous computation of respondent's compensation under subdivision 1, sec. 21, supra, was harmless.

It is obvious from what we have said that it is unnecessary to further treat the contention of the petitioners herein set forth.

Award affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY and WELCH, JJ., concur. OSBORN and HURST, JJ., concur in result. BAYLESS and DAVISON, JJ., absent.