ARMOUR AND COMPANY (Own Risk),
Petitioner,

v.

Della STRICKLAND and the State Indus-
trial Commission, Respondents.

No. 36705.

Supreme Court of Oklahoma.
May 3, 1955.

Butler, Rinehart & Morrison, Oklahoma
City, for petitioner.

George E. Fisher, Oklahoma City, Mac
Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

Della Strickland, hereinafter called
claimant filed her first notice of injury
and claim for compensation stating that she
sustained an accidental injury arising out
of and in the course of her employment
with Armour and Company on July 3, 1953
when she fell and injured her back. She
is totally and permanently disabled and the
cause and extent of the disability are not
in dispute. An award was entered which is
in part as follows:

"That as a result of said injury to
her back, the claimant is totally and
permanently disabled and is therefore
entitled to 500 weeks compensation at
the rate of $23.08 a week, or a total sum
of $11,540.00 less the temporary total
disability compensation heretofore paid
and that awarded herein.

"The Commissioner further finds
that it would be to the best interest of
the claimant that $2,000.00 of the
award herein made for permanent total
disability be paid in a lump sum from
the latter end of the award.

"It Is Therefore Ordered that the ac-
crued temporary total disability of

$186.32 be paid to claimant in a lump sum.

"It Is Further Ordered that within 20 days from the date of filing of this order respondent pay to claimant the sum of $2,000.00, same to be deducted from the latter end of the award of $10,293.68 herein made, and that the remainder of said award be paid to claimant at the rate of $23.08 a week, until the award, less tax and attorney fee, has been fully paid.

"It Is Further Ordered that respondent pay $1,546.00 in a lump sum to the claimant's attorney, Geo. Fisher, as a fair and reasonable attorney's fee, which amount shall be deducted from the latter end of the award to the claimant."

This proceeding is brought by Armour and Company, own risk, petitioner, to review the award.

█ It is first argued that the State Industrial Commission erred in computing the rate of weekly compensation. Claimant testified that she was paid 85¢ per hour; that sometimes she worked 40 hours per week. The record discloses that she worked 245 days for the year immediately preceding the injury. It is not disputed that this constitutes substantially the whole of the year. The objection of petitioner is that there is no competent evidence to sustain the finding of the State Industrial Commission that the average daily wage was $6.00. 85 O.S.1951 § 21, subd. 1 is as follows:

"If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed."

Petitioner argues that since claimant drew $1,466.99 for the full year immediately preceding the injury the weekly rate of compensation should be computed by dividing this sum by 52. This method of computation was expressly disapproved in Manahan Drilling Co. v. Wallace, 179 Okl. 613, 67 P.2d 1. Section 21, supra, directs that the State Industrial Commission first determine the average daily wage. The daily wage is multiplied by 300. National Zinc Co., Inc., v. Turinetti, 192 Okl. 75, 133 P.2d 877; Chickasha Cotton Oil Co. v. Marcum, 182 Okl. 55, 75 P.2d 1129. The State Industrial Commission fixed the daily wage at $6.00. If claimant worked eight hours per day at 85¢ per hour for a substantial number of days the average daily wage would approximate $6.00. There is competent evidence to sustain the finding that the average daily wage is $6.00.

█ In a second and final proposition petitioners argue that there was error in commuting to a lump sum the $2,000 and the attorney fee. The State Industrial Commission is authorized to commute to a lump sum an award such as made in the case under consideration. Manhattan Long Const. Co. v. Bruton, 192 Okl. 639, 138 P.2d 814. See, also, Barnett Petroleum Co. v. Holder, 185 Okl. 512, 94 P.2d 827.

█ Petitioner concedes that the law authorizes the commutation to a lump sum. However petitioner asserts that by reason of the Death Benefit Provision of the Workmen's Compensation Law, 85 O.S.1951, § 1 et seq., it is prejudicial to commute from the latter end of a permanent total award where the evidence discloses that death is likely to occur before the end of a period commensurate with weekly payments; that in the case under consideration the evidence is undisputed that the dependents of claimant would obtain an award in the event of claimant's death; that the evidence of their medical expert is that claimant will live from three to five years. As well presented as this argument is we cannot accept it as a legal basis for determining the right to commute to a lump sum. The accidental injury resulting in death is a distinct right separate and apart from the award for permanent total disability. Assuming without deciding that the testimony of the doctor called by petitioner is sufficient to establish that claimant would not live for the commensurate period of weekly pay-

ments of the award we are of the opinion that no substantial injustice was done petitioner by the order of the State Industrial Commission commuting the award to a lump sum.

Finding no error of law in the award as made the same is sustained.

JOHNSON, C. J., and CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.