**GEARY MILLING & ELEVATOR COMPANY and Argonaut Insurance Company, Petitioners,**

**v.**

**Emmett ANDIS, Jr., and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 41880.**

Supreme Court of Oklahoma.

Jan. 6, 1967.

Childers & Keller, Oklahoma City, for petitioners.

Carl E. Moslander, Fred M. Hammer, Oklahoma City, Charles Nesbitt, Atty. Gen., for respondents.

BLACKBIRD, Justice.

The petitioners in this proceeding for review were the respondents below and the respondent Andis was the claimant below. Reference to the parties herein will be by their respective designations before the State Industrial Court.

The claimant recovered before the trial judge of the State Industrial Court an award of thirteen weeks of compensation for temporary total disability at the rate of $33.33 per week and an award of sixty-two and one-half weeks of compensation at the same rate based upon twelve and one-half per cent permanent partial disability to the body as a whole. The respondents appealed to the State Industrial Court en banc and on appeal the award of the trial judge was fully adopted and confirmed as being the judgment of the State Industrial Court. The respondent thereupon brought this proceeding for review.

The claim for compensation constituting the gravamen of this action grows out of an injury sustained by the claimant on May 14, 1965, while employed by respondent Geary Milling & Elevator Company, in a pursuit within the purview of the Workmen's Compensation Law. On the same day of the year preceding, claimant had sustained a compensable injury while employed by another employer. This appeal is not concerned with that former injury. The record reflects testimony and evidence concerning this former injury and compensation paid thereunder all of which is incompetent, immaterial and irrelevant, but at the same time harmless, and will be con-

sidered only insofar as necessary to clear understanding of the respondents' contention.

The respondents voluntarily paid temporary total compensation to the claimant for the period from August 12, 1965, to September 29, 1965, at the rated $16.26 per week, on the respondents' computation of applicable rate. The claimant sought temporary total disability compensation from the date of injury and permanent partial disability compensation at the rate fixed by the trial court.

■ As their first ground for contending the award should be modified, respondents urge that the trial court erred in calculating the applicable rate. They argue that the applicable factor should be the average weekly wage while working for his employer as a part time employee. The State Industrial Court established a rate of $33.33 under the provisions of 85 O.S.1961, § 21(2). On the basis of proof that claimant had been paid for a total of only 34 hours of work at the rate of $1.25 per hour (such labor having been performed on April 28, 1965, 8½ hours, April 29, 1965, 6½ hours, May 1, 1965, 5 hours, May 6, 6 hours and May 14, 1965, 8 hours) respondents contend the applicable rate must be calculated under 85 O.S.1961, § 21(3). Subdivision 3 is by its terms applicable only when subdivisions 1 and 2 are inapplicable; and subdivision 2 is not inapplicable here. Claimant had not worked in the employment in which he was engaged at the time of the injury during substantially the whole of the year immediately preceding the injury. Consequently his rate of compensation is properly calculated under subdivision 2 of § 21, supra, as subdivision 1 is obviously inapplicable. The formula set out in subdivision 3 is by its terms limited to situations wherein the first two formulas, set out in subdivisions 1 and 2, respectively, are not applicable. This court therefore concludes that the rate was properly calculated by the trial court under the statute. Friendship Farmer's Co-operative Gin v. Allred, 196 Okl. 462, 165 P.2d

838; National Zinc Co., Inc. v. Turinetti, 192 Okl. 75, 133 P.2d 877; Eagle Picher Mining & Smelting Co. v. Lamkin, 189 Okl. 463, 117 P.2d 519.

■ Respondents' second contention concerns the trial tribunal's award of temporary total disability compensation to the claimant. During the period from May 14, 1965 to August 12, 1965, when he was temporarily totally disabled as a result of the injury on which this action is based, claimant was being paid temporary total disability in connection with a different claim for a different injury sustained a year prior to the injury here involved, while employed by a different employer who was insured by a different insurer.

There may well be an unresolved question concerning the propriety of, and liability for, such payments, but that question is certainly not within the issues in this cause, either before the trial court or before this court, and clearly cannot be of any consequence in the adjudication of matters generally traversed in the pleadings before the trial court, and urged here.

■ In their brief, respondents further contend that the award of temporary total disability in this case is not supported by any competent evidence adduced on behalf of the claimant. Claimant's testimony concerning this injury, the treatment obtained for him by his employer, the period of his hospital confinement immediately following his injury of May 14, 1965, and his employer's voluntary payment to him of temporary total disability compensation during the period from August 12, 1965 to September 29, 1965, all appear as an uncontroverted matter of record. Further, the testimony of Dr. H, introduced as claimant's Exhibit No. 4 without objection, states that the claimant was unable to work from May 14, 1965, to August 11, 1965, because of his injury of May 14, 1965. There is adequate evidence for the trial tribunal's determination of the fact of claimant's temporary total disability during the period adjudicated. The question of whether the claimant was totally dis-

abled from the performance of manual labor is a question of fact for the determination of the State Industrial Court, and when there is any competent evidence reasonably supporting such finding this court will not weigh the conflicting evidence upon which such finding of fact is based. Hissom Drilling Co. v. Benson, 153 Okl. 157, 5 P.2d 393; Oklahoma Natural Gas Co. v. Davis, 181 Okl. 530, 75 P.2d 435.

Award sustained.