Robert Scott MARCH, Petitioner,

v.

CONSTRUCTION SPECIALTIES, Mid–Continent Casualty Company and the Workers' Compensation Court, Respondents.

No. 72576.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 14, 1989.

Fred L. Boettcher, and Phillips D. Ryan, Ponca City, for petitioner.

John H. Burgher, Jr., Tulsa, for respondents.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Robert Scott March (Claimant) injured his left leg while working for Construction Specialties (Respondent). Claimant filed a claim for compensation with The Workers' Compensation Court. At the time of trial, the parties stipulated Claimant worked for Respondent for the substantial whole of the year prior to his injury. In addition, the parties stipulated he worked eight (8) hours a day, five days a week, and earned $8.00 per hour. The trial court entered an order awarding Claimant a $213.00 temporary total disability rate. Claimant seeks review of this ruling.

Claimant contends the trial court incorrectly calculated Claimant's temporary total disability rate. We agree.

Title 85 O.S.1981, § 21, governs the determination of an injured employee's rate of compensation:

*Basis of Compensation—Determining Weekly Wages—Time of Service.* Except as otherwise provided in this Act, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:

1. If the injured employee shall have worked in the employment in which he was working at the time of the accident, whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of 300 times the average annual wage or salary which he shall have earned in such employment during the days when so employed.

2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of 300 times the average daily wage or salary which an employee in the same class working substantially the whole of such immediately preceding year in the same or in similar employment in the same or a neighboring place shall have earned such employment during the days when so employed.

3. If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard for the previous earnings of the employee and of other employees in the same or most similar class, working in the same or neighboring locality, shall reasonably represent the earning capacity of the injured employee in the employment in which he was working at the time of the accident.

4. The average weekly wages of an employee shall be $\frac{1}{52}$ part of his average annual earnings.

If a claimant shows he has "worked in the employment in which he was working at the time of the accident ... during substantially the whole of the year immediately preceding his injury," § 21(1) provides the exclusive method for calculation of claimant's average annual earnings, and hence his average weekly wage under § 21(4). *National Zinc Company v. Turinetti,* 192 Okl. 75, 133 P.2d 877 (1943).

■ Herein, the parties stipulated Claimant worked for Respondent for substantially the whole of the year prior to his injury and further stipulated he worked a five day work week, or 260 hours. Thus, the uncontroverted evidence showed Claimant "worked in the employment in which he was working at the time of the accident ... during substantially the whole of the year immediately preceding his injury" under § 21(1).

The trial court failed to utilize the proper formula in calculating Claimant's temporary total disability rate. When the record discloses the proper statutory formula for determining compensation for an employee is not adhered to, the award must be vacated and the cause remanded for redetermination of compensation under the proper formula. *R.S. James Construction v. Aylor,* 171 Okl. 173, 42 P.2d 528 (Okla. 1935).

The order of the trial court is therefore VACATED, and the cause REMANDED WITH DIRECTIONS to compute Claimant's rate of compensation under § 21(1).

BAILEY, C.J., and REYNOLDS, J., concur.