**Sharon CARRICO, Petitioner,**

v.

**CITY OF MIAMI, Own Risk, and the Workers' Compensation Court, Respondent.**

**No. 73056.**

Court of Appeals of Oklahoma, Division No. 3.

April 24, 1990.

Rehearing Denied May 22, 1990.

298

Wilson Jones, Frasier & Frasier, Tulsa, for petitioner.

John M. McKenzie, Whitten, Davies & Layman, Tulsa, for respondent.

## MEMORANDUM OPINION

BAILEY, Judge:

Petitioner seeks review of an order of the Workers' Compensation Court sitting *en banc* which modified the Trial Court's determination of Petitioner's average weekly wage (AWW). Petitioner's counsel stipulated that Petitioner earned $5.97 per hour and worked a 40–hour work week. The Trial Court found Petitioner temporarily totally disabled (TTD) and permanently totally disabled (PTD) arising from job-related injuries. Based on the stipulations of counsel and the evidence adduced, the Trial Court determined Petitioner's AWW for TTD at $183.78 per week, for permanent partial disability (PPD) at $163.00 per week, and for PTD at $183.78 per week. On appeal to the Court *en banc*, the appellate tribunal modified Petitioner's AWW to $159.34 for TTD, PPD and PTD.

In this original proceeding, Petitioner asserts that the Trial Court correctly determined Petitioner's rates of AWW,[1] and that the *en banc* order modifying the Trial Court's determination of AWW is contrary to 85 O.S.1981 §§ 21, 22, governing calcula-

---

1. Petitioner's stipulations established current rate of compensation of $5.97 per hour, eight hours per day, forty hours per week. Petitioner contends, and the Trial Court apparently agreed, her AWW and rates of compensation for TTD and PPD should be calculated thusly:

85 O.S. § 21(1): $5.97/hour × 8 hours/day × 300 = $14,328.00

85 O.S. § 21(4): $14,328.00 × $\frac{1}{52}$ = $275.54 AWW

85 O.S. § 22(1) & (2) (PTD & TTD): $275.54 × 66⅔% = $183.69

85 O.S. § 22(6) (PPD): $325.32 (State AWW at time of injury) × 50% = $162.66.

tion of rates of compensation, and not supported by the evidence. Respondent asserts that Petitioner stipulated to her actual average weekly wage, and that therefore under 85 O.S. § 22(1), Petitioner's AWW for PTD is calculated by multiplying Petitioner's stipulated actual average weekly wage by sixty-six and two-thirds percent (66⅔%), yielding an AWW rate as determined by the Court *en banc*.[2]

Subsections 1, 2 and 3 of § 21 of Title Eighty-five of Oklahoma statutes provide three methods of calculating average annual earnings from which AWW is then derived under § 21(4). Section 21 provides in pertinent part:

1. If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of of such immediately preceding year in the same or in a similar employment in the same or neighboring place shall have earned in such employment during the days when so employed.

3. If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

4. The average weekly wages of an employee shall be one fifty-second (1/52) part of his average annual earnings.

85 O.S.1981 § 21.

 "If the claimant shows that he [or she] has 'worked in the employment in which he was working at the time of the accident ... during substantially the whole of the year immediately preceding his injury,' § 21(1) provides the *exclusive* method for calculation of claimant's average annual earnings, and hence his average weekly wage under § 21(4). *National Zinc Co. v. Turinetti*, 192 Okl. 75, 133 P.2d 877 (1943)." *March v. Construction Specialties*, 783 P.2d 983, 984 (Okl.App.1989). See also, *W.E. Shepherd & Son v. Hood*, 185 Okl. 635, 95 P.2d 619 (1939); *Dunning Const. Co. v. Franklin*, 166 Okl. 198, 26 P.2d 914 (1933); *City of Norman v. Bowers*, 154 Okl. 200, 7 P.2d 482 (1932). The application of § 21(3) "is by its terms limited to situations wherein the first two formulas set out in Subdivisions 1 and 2 respectively are not applicable." *Geary Milling & Elevator Co. v. Andis*, 422 P.2d 466, 468 (Okl.1967); see also, *Massachusetts Bonding & Insurance Co. v. Satterfield*, 188 Okl. 154, 108 P.2d 218 (1941). Further, the Court may not rely exclusively on actual earnings in making a determination of average weekly wage. *Winrock Farms v. Eldred*, 446 P.2d 265 (Okl.1968) (may not rely exclusively on actual earnings under § 21(3)); accord, *Safeway Stores v. Mauk*, 275 P.2d 987, 989 (Okl.1954). See also, *U.S. Gypsum Co. v. Reames*, 185 Okl. 528, 94 P.2d 898 (1939) (may not simply divide actual annual earnings by 52); accord, *Acme Semi–Anthracite Coal Co. v. Manning*, 178 Okl. 420, 63 P.2d 76 (1937); *Okmulgee Gas Engine Corp. v. State Industrial Commission*, 178 Okl. 407, 63 P.2d 86 (1937). And see, *Harris Meat & Produce*

**2.** Respondent contends, and the Court *en banc* apparently agreed, that Petitioner's AWW should be calculated based on Petitioner's stipulation of her actual average weekly wage. Thus:

85 O.S. § 22(1, 2) (PTD & TTD): $5.97/hour × 40 hrs./week × 66⅔% = $159.33.

*Co. v. Brown,* 177 Okl. 317, 59 P.2d 280 (1936) (where actual annual earnings divided by 300 in arriving at average daily wage, and no evidence of average daily wage during days employed introduced, award vacated and cause remanded.)

The standard of review of questions concerning AWW is relatively well-established:

> The question of which of the first three paragraphs of section 21, supra, applies cannot always be entirely a question of fact. Usually it is a mixed question of law and fact. The determination of whether or not a given claimant has "worked in the employment in which he was working at the time of the accident * * * during substantially the whole of the year immediately preceding his injury * * * " is a question of fact. But, after this question has been determined, the question of which of the first two subsections of section 21, supra, applies is solely a question of law. *Safeway Stores v. Mauk,* 275 P.2d at 990.

Thus, and insofar as the issue deals with questions of fact, the Trial Court's determination thereon will not be disturbed if supported by competent evidence. *Safeway Stores,* 275 P.2d at 990. On the other hand, and insofar as the issue deals with a pure question of law, the application of the incorrect formula for determination of a claimant's average weekly wage should be vacated on review. *March,* 783 P.2d at 985; *Safeway Stores,* 275 P.2d at 990. See also, *Eagle Picher Mining & Smelting Co. v. Lamkin,* 189 Okl. 463, 117 P.2d 519 (1941); *Sheffield Steel Corp. v. Barton,* 183 Okl. 624, 84 P.2d 17 (1938); *Skelly Oil Co. v. Ellis,* 176 Okl. 569, 56 P.2d 891 (1936).

Under this authority and the circumstances of this case, we find no evidence in the record to show that § 21(1) cannot be "reasonably and fairly applied." 85 O.S. § 21(3). It is clear to this Court that the *en banc* Court impermissibly relied *exclusively* on Petitioner's actual weekly earnings in setting rates of compensation,

and merely multiplied actual weekly wages by 66⅔% to reach its result.[3] We therefore find the Court *en banc* erred as a matter of law in modifying the Trial Court's orders relative to Petitioner's rates of compensation.

Petitioner's uncontroverted testimony established that she had worked for Respondent employer for about three years, that she worked an eight hour day, and received $5.97 per hour salary. Having shown that she "worked in the employment in which [she] was working at the time of the accident ... during substantially the whole of the year immediately preceding [her] injury," Petitioner's AWW should be calculated under § 21(1). By our calculation, the Trial Court properly determined Petitioner's AWW and rates of compensation under § 21(1), (4), § 22(1) and (2). The *en banc* Court's calculation of Petitioner's AWW based on her actual earnings is erroneous as a matter of law, is unsupported by the evidence, and should be vacated; the Trial Court's determinations of AWW and rates of compensation for TTD and PTD should be reinstated.

The order of the Worker's Compensation Court sitting *en banc* modifying Petitioner's AWW and rates of compensation is therefore VACATED, and the order of the Trial Court pertaining thereto REINSTATED.

HANSEN, P.J.; and ADAMS, J., concur.

---

**3.** See, footnote 2.