**James Jeffrey KERR, Petitioner,**

v.

**WELKER ELEVATOR, Grain Dealers Mutual Insurance Company and the Workers' Compensation Court, Respondents.**

**No. 75140.**

Supreme Court of Oklahoma.

Oct. 20, 1992.

As Corrected Oct. 30, 1992.

Wilson Jones, Fraiser & Fraiser, Tulsa, for petitioner.

Stephen Stratton, Roger K. Gofton, Oklahoma City, for respondents.

SIMMS, Justice:

James Jeffrey Kerr, petitioner, appeals the order of the Workers' Compensation Court three-judge panel which modified the order of the Workers' Compensation Court trial judge. Apparently considering Kerr a minor, the trial judge increased his temporary total disability and permanent partial disability benefits pursuant to 85 O.S.1981, § 21(5), infra. On review, the three-judge panel applied 85 O.S.1981, § 21(1) and reduced the benefits awarded to Kerr, evidently on the basis of him not being a minor. The Court of Appeals reversed the three-judge panel and affirmed the trial court's award. Certiorari was granted to determine at what age a claimant is considered a minor under § 21(5). Because we find minority status under the statute ends when the claimant reaches the age of eighteen years, we vacate the opinion of the Court of Appeals and sustain the order of the three-judge panel.

Kerr, a full-time college student, worked part-time for Welker Elevator, respondent, while in school and full-time while out of school on breaks and during the summer. This employment continued for three years, and during one of his Christmas breaks, Kerr suffered an accidental injury to his leg which required amputation. Kerr was nineteen (19) years of age at the time of the accident, and it is undisputed that he was entitled to benefits under the Workers' Compensation Act.

In awarding benefits to Kerr, the trial judge applied 85 O.S.1981, § 21(5), even though the judge did not specifically find that Kerr was a minor under that statute. Section 21(5) provides:

"If it be established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, the fact may be considered in arriving at his average weekly wages."

Based upon this statute, the trial judge increased Kerr's average weekly wage rate. On review by the three-judge panel, respondents, Welker Elevator and Grain Dealers Mutual Insurance Company, successfully argued that the trial judge erred in applying § 21(5), and the three-judge panel utilized the provisions of 85 O.S.1981, § 21(1)[1] in reducing the award. The only

---

1. Title 85 O.S. 1981, § 21(1) provides: "If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer

question before us is which provision, § 21(1) or § 21(5), should be applied in this case. The answer to this question lies in whether Kerr was a minor under the terms of § 21(5). In passing upon the question, we are to liberally construe § 21(5) in favor of the minor. *Williamson v. Grimm*, 425 P.2d 992 (Okla.1967). Because Kerr was not a minor at the time of his injury, we hold that § 21(1) was the correct provision to apply in determining his weekly wage rate.

The Workers' Compensation Act does not define the term "minor." Hence, we must determine what the Legislature intended the term to mean in the context of § 21(5). The Court of Appeals concluded that the Legislature meant for minority to include males under eighteen (18) years of age and females under twenty-one (21) years of age. This conclusion was based upon the fact that in 1915, when the predecessor to § 21 was enacted, a general statute defining minority made this distinction grounded upon gender. *See* Okla.Rev.Laws 1910, § 879 (now codified at 15 O.S.1991, § 13, *infra*). However, that minority statute, § 879, has changed.

In 1972, an Oklahoma law which also differentiated along the lines of gender in defining majority, 10 O.S.1971, § 1101(a), was deemed unconstitutional in *Lamb v. Brown*, 456 F.2d 18 (10th Cir.1972). Apparently in response to *Lamb*, the Legislature amended the general minority statute so that it now reads, in pertinent part:

> "Minors, except as otherwise provided by law, are persons under eighteen (18) years of age." *15 O.S.1991, § 13.*

This definition of a minor applies in this case because 25 O.S.1991, § 2 reads:

> "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears."

or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hun-

In *State v. County Beverage License No. ABL–78–145*, 652 P.2d 292, 296 (Okla.1982), this Court stated:

> "... Oklahoma has historically recognized [15 O.S.1981,] § 13 and its predecessors as the general statute defining the age of majority for males and females in civil matters."

This statute clearly establishes the age of majority at eighteen years in any instance where it is not otherwise provided by law. 652 P.2d at 297. Since 85 O.S. 1981, § 21(5) does not designate otherwise, we are constrained to hold that minority under § 21(5) ends when the claimant reaches the age of eighteen years. If the legislature intended a different definition for minority, it could have provided for it. The legislature did not otherwise provide, and we hold that Kerr, a nineteen year old worker, was not a minor under § 21(5) at the time of his injury. Therefore, the three-judge panel correctly applied § 21(1) in determining Kerr's average weekly wage.

For the above and foregoing reasons, the opinion of the Court of Appeals is VACATED and the order of the Workers' Compensation Court three-judge panel is SUSTAINED.

OPALA, C.J., and LAVENDER, HARGRAVE, ALMA WILSON, KAUGER, SUMMERS, and WATT, JJ., concur.

HODGES, V.C.J., dissents.

dred times the average daily wage or salary which he shall have earned in such employment during the days when so employed."