Corey MATTHEWS, Petitioner,

v.

PURCELL SEED & GRAIN COMPANY, INC., State Insurance Fund and the Workers' Compensation Court, Respondents.

No. 81892.

Court of Appeals of Oklahoma, Division 3.

Dec. 7, 1993.

Certiorari Denied Jan. 20, 1994.

Joe Farnan, Purcell, Barry K. Roberts, Norman, for petitioner.

David P. Helbert, State Ins. Fund, Oklahoma City, for respondents.

*OPINION*

HUNTER, Presiding Judge:

Corey Matthews (Claimant) was seriously injured while working at his part time job with Purcell Seed & Grain Company. Claimant was eighteen years old at the time of the accident and was a senior in high school, living at home with his parents. Claimant filed a claim for workers' compensation benefits. At the hearing, Claimant sought to have his wage rate calculated on the basis that he was a minor, entitling him a rate whereby under normal conditions his wages in the future would be expected to increase, pursuant to 85 O.S.1991 § 21(5). The trial court declined to consider Claimant as a minor as provided in Section 21(5), and instead applied Section 21(1) in determining Claimant's weekly wage rate. Claimant now seeks review of the trial court's determination that he was not a minor for workers' compensation purposes.

■ Findings of fact by the Workers' Compensation Court upon which a rate of compensation is based are conclusive if supported by competent evidence reasonably tending to support the findings. *Friendship Farmer's Cooperative Gin v. Allred,* 196 Okl. 462, 165 P.2d 838 (1945). Title 85 O.S.1991 § 21(5) provided:

If it be established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, the fact may be considered in arriving at his average weekly wages.

■ Whether wages of an injured minor who suffered permanent disability would under normal conditions be expected to increase is a question for the Workers' Compensation Court. *Harmon's Texaco Service Station v. Kessinger,* 365 P.2d 131 (Okl.1961). The facts are undisputed that Claimant was eighteen years and two months old at the time of his injury. Pursuant to 15 O.S.1991 § 13, "minors, except as otherwise provided by law, are persons under eighteen (18) years of age." However, Claimant contends that this law creates only a presumption of majority that he should be allowed to rebut by evidence showing that he (1) lives with his parents and is dependent upon them, (2) attends high school, (3) is employed at the same job at the same wage rate that he did before he turned eighteen and (4) that he could reasonably expect that his wages would increase in the future.

Inasmuch as the Workers' Compensation Act does not specifically define the term "minor", the Oklahoma Supreme Court recently determined in *Kerr v. Welker Elevator,* 839 P.2d 1360 (Okl.1992) that the definition provided in 15 O.S.1991 § 13 is applicable to the Workers' Compensation Act by virtue of 25 O.S.1991 § 2 which provides:

Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears.

In so ruling, the Court explained the applicability of 15 O.S.1991 § 13 as follows:

This statute clearly establishes the age of majority at eighteen years in any instance where it is not otherwise provided by law. (Citation omitted). Since 85 O.S.1981, § 21(5) does not designate otherwise, we are constrained to hold that minority under § 21(5) ends when the claimant reaches the age of eighteen years. If the legislature intended a different definition for minority, it could have provided for it. The legislature did not otherwise provide, and we hold that Kerr, a nineteen year old worker, was not a minor under § 21(5) at the time of his injury. Therefore, the three-judge panel correctly applied § 21(1) in determining Kerr's average weekly wage. 839 P.2d at 1362.

The fact that Claimant is dependent upon his parents, lives at home and attends high school, does not change his legal status as an adult under *Kerr*. Because Claimant was over the age of eighteen at the time of his injury, he may not be considered a minor for purposes of determining his weekly wage

rate. The trial court's calculation of Claimant's weekly wage pursuant to Section 21(1) is supported by competent evidence and is hereby SUSTAINED.

BAILEY and GARRETT, JJ., concur.